IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR A NEW TRIAL |
|---|---|
| Plaintiff, | |
| v. | |
| THOMAS FRANCIS HALE, | Case No. 2:06-cr-871-DN-BCW |
| Defendant. | District Judge David Nuffer |

On January 30, 2013, after a four day trial, the jury found Defendant Thomas Francis Hale guilty on all three counts of the second superseding indictment.[1] Hale timely filed a motion for a new trial,[2] to which the government responded.[3] For his reply memorandum, Hale filed a Supplemental Brief, refining his arguments with citations to the record.[4] Because the Supplement Brief contained more information than the original motion, the court ordered[5] the government to file a sur-reply.[6] Having carefully considered all the filings, the motion for a new trial is DENIED for the reasons discussed below.

## DISCUSSION

Hale raises two arguments in support of his motion for a new trial. Having retained new counsel after trial, Hale now claims ineffective assistance of trial counsel. Secondly, Hale argues

---

[1] Jury Verdict, docket no. 293.

[2] Motion for a New Trial, and, Alternative, Motion for Leave of Court to Amend Motion for a New Trial (Motion), docket no. 305, filed February 7, 2013.

[3] Memorandum in Support of Denial of Defendant's Rule 33 New Trial Motion, Motion for Leave to Amend and Request for Evidentiary Hearing (Response), docket no. 309, filed February 22, 2013.

[4] Supplemental Brief in Support of Defendant's Motion for a New Trial (Supplemental Brief), docket no. 314, filed March 29, 2013.

[5] Docket Text Order, docket no. 315, filed March 29, 2013.

[6] Supplemental Memorandum in Support of Denial of Defendant's Rule 33 New Trial Motion (Supplemental Response), docket no. 319, filed April 15, 2013.

that he was not competent to stand trial because he was heavily medicated resulting in cognitive impairment.

1. **Ineffective Assistance of Counsel Claim**

To prevail on an ineffective assistance claim, a defendant must meet a two-part test by showing that counsel's performance fell below an objective standard of reasonableness *and* that the defendant was prejudiced by the deficient performance.[7] Judicial review of counsel's performance is highly deferential. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."[8]

   A. **Failure to Object to Bankruptcy Trustee's Testimony and Failure to Challenge Testimony with Defense Expert**

Hale first claims that trial counsel was ineffective for failing to object to the bankruptcy trustee's testimony and failing to offer a defense expert on bankruptcy procedures. As part of this argument, Hale claims that Elizabeth Loveridge, the Chapter 7 Trustee in this case, "was neither qualified nor proffered as an expert under Rule 704."[9] This portion of Hale's argument clearly fails because Ms. Loveridge was properly designated as an expert in this case in 2007.[10] Her qualifications and anticipated testimony were set out in the Notice of Expert Witness, and her testimony at trial was consistent with the notice. Her testimony explained bankruptcy terms, documents and schedules, the trustee's reliance on the accuracy of those documents, the debtor's duty to disclose property of the estate, and the duty of the trustee to collect and sell all of the

---

[7] *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

[8] *Id.* at 688. (internal quotations and citations omitted).

[9] Supplemental Brief at 14.

[10] Notice of Expert Witness, docket 40, filed September 7, 2007.

property of the estate.[11]  Trial counsel had proper notice of the bankruptcy trustee's expert testimony and chose not to object to her testimony as an expert in bankruptcy.[12]  Given the qualifications set forth in the Notice of Expert Witness, this was likely a wise decision.  Hale cannot overcome the presumption that "the challenged action might be considered sound trial strategy."[13]

     Hale also claims that his trial attorney failed provide his own expert testimony for Hale's theory regarding the duties of a debtor in bankruptcy.  But Hale's counsel did have Jory Trease testify as an expert about bankruptcy procedures and a debtor's responsibilities in bankruptcy.[14]  Mr. Trease provided testimony that (a) debtors were not precluded from assisting in finding a purchaser for property; (b) the debtor had a duty to keep the trustee informed; and (c) the debtor has an obligation to assist the trustee.[15]  Mr. Trease also provided testimony and examples of how a debtor could assist the trustee in various ways.[16]  Trial counsel's actions were not deficient. Trial counsel did call and elicit testimony from his own expert to explain Hale's position on a debtor's duties and ability to assist the trustee in bankruptcy.

---

[11] *See* Testimony of Elizabeth Loveridge, Official Transcript of Jury Trial held on January 22, 2013 (Trial Tr. vol. 1) at 215-232, docket no. 325, filed May 28, 2013 and Official Transcript of Jury Trial held on January 23, 2013 (Trial Tr. vol. 2) at 245-345, docket no. 329, filed June 3, 2013.

[12] *See U.S. v. Rushin*, 642 F.3d 1299, 1308 (10th Cir. 2011) ("In formulating a defense strategy, counsel is entitled to 'balance limited resources in accord with effective trial tactics and strategies.'" (quoting *Harrington v. Richter*, 131 S. Ct. 770, 789 (2011))).

[13] *Strickland*, 466 U.S. at 688.

[14] *See* Notice of Intent to Use Expert Witness, docket no. 256, filed January 8, 2013; Testimony of Jory Trease, Official Transcript of Jury Trial held on January 24, 2013 (Trial Tr. vol. 3) at 588-601, docket no. 326, filed May 28, 2013.

[15] Trial Tr. vol. 3 at 595-96.

[16] *Id.* at 608-610.

Hale argues that trial counsel was ineffective because he did not advocate for opinion evidence on what Hale believes "were the ultimate issues of the case insofar as is related to Counts #1 and 2:"[17]

> whether the bankruptcy code imposed a duty on a debtor to report an increase in the value of real property that is part of the bankruptcy estate, whether there was any provision of law that prevented a debtor from listing real estate for sale, and as a corollary, whether a contract was "property" within the meaning of the bankruptcy code.[18]

The government claims that Hale "misperceive[s] the actual issues"[19] and correctly explains that Count 1 relates to Hale's valuation of the Salt Lake City home on the bankruptcy schedules he prepared in 2005 and "not necessarily on [his] failure to 'report an increase in the value of real property.'"[20] Hale's trial counsel did have his expert, Mr. Trease, testify on the issues relating to Count 1, regarding the importance of the bankruptcy filing date and the valuation of the property by the debtor as of that date.[21] Mr. Trease provided examples of different ways a debtor could arrive at a property valuation.[22] Trial counsel did elicit testimony from his expert regarding the actual issues in Court 1 relating to the valuation on the bankruptcy schedules filed in 2005.

Hale also argues that trial counsel should have developed opinion evidence on "whether a contract was 'property' within the meaning of the bankruptcy code."[23] Because this was a question of law, not fact, opinion evidence would not be warranted. Trial counsel properly

---

[17] Supplemental Brief at 15.

[18] *Id.*

[19] Supplemental Response at 8.

[20] *Id.*

[21] *See* Trial Tr. vol. 3 at 591-595.

[22] *Id.* at 594.

[23] Supplement Brief at 15.

4

raised this very issue in a Rule 29[24] motion.[25] This was sound trial strategy on counsel's part, not deficient trial performance.

### B. Failure to Challenge Bankruptcy Trustee's Testimony and Valuation of Real Estate

Hale next claims that trial counsel was ineffective when he did not challenge the bankruptcy trustee's testimony on the valuation of real estate. Hale states that the only evidence the government had to establish his guilt as to Counts 1 and 2 were the trustee's unchallenged opinion that the property was worth more than the value he stated in 2005, and the actual sale price of the property in 2006. Thus, Hale claims that trial counsel was ineffective because he "failed to mount any effective challenge to Elizabeth Loveridge's opinion that the [Salt Lake City p]roperty was worth more than $190,000.00 in October, 2005 when Defendant initially filed his Schedules of Assets and Liabilities in the underlying bankruptcy action."[26]

Contrary to Hale's assertion that this was the only evidence presented on the valuation issue, there was additional evidence of the 2005 value of the Salt Lake City property. First, there was the tax notice that Hale received prior to his October 2005 initial bankruptcy filing that showed a 2005 property valuation of $268,900.[27] Additionally, Hale's own filing in the bankruptcy case indicates his belief as to the value of the Salt Lake property in November 2005, a month after the initial filing:

> 6. In November of 2005 it was my intention to once again refinance the Salt Lake City property to pay of all the outstanding Deeds on all the properties.

---

[24] Fed. R. Crim. P. 29, Motion for a Judgment of Acquittal.

[25] Oral Motion to Dismiss, docket no. 285; Trial Tr, vol. 3 at 558-59 and 620-33.

[26] Supplemental Brief at 17-18.

[27] 2006 Notice of Property Valuation and Tax Change, exhibit no 26.

5

> 7. The property in Salt Lake City, I hoped, would have retired all the outstanding Deeds, because the property would have refinance for at least $350,000, as we all know now.[28]

Hale's trial counsel presented evidence on the defense theory that Hale fulfilled his duty as a debtor by providing a good faith estimate of the value of the real estate in the October 2005 bankruptcy filings and that under the bankruptcy code, everything relates back to the filing date.[29] In light of the other valuation evidence presented, there is a strong presumption that trial counsel focused on the issue of the good faith valuation as of date of filing, rather than challenging the other valuations, for tactical reasons.[30]

### C. Failure to Impeach Bankruptcy Trustee and Introduce Evidence of Dilution of Bankruptcy Estate

Hale argues that trial counsel was ineffective for failing to impeach the trustee with evidence concerning depletion of the bankruptcy estate through excessive billable hours, and "raiding Defendant's individual retirement accounts in clear violation of Supreme Court case law."[31] On this point, Hale's theory appears to be that his charged actions would be explained or excused due to the claimed wrongful acts of the bankruptcy trustee. Although Hale provides an excerpt from a bankruptcy hearing regarding the status of his IRA in bankruptcy,[32] the government points out that the bankruptcy case "has been stayed during the pendency of the criminal proceeding, and therefore no retirement account[], real or imagined, has been 'raided' by the bankruptcy trustee."[33] Even if the bankruptcy trustee had engaged in the alleged wrongful

---

[28] Offer of Proof to Abandon Properties at 2, *In re* Tom Hale, No. 05-39359 (Bankr. D. Utah Nov. 15, 2006), exhibit 35.

[29] Testimony of Jory Trease, Trial Tr. vol. 3 at 591-95.

[30] *See Yarborough v. Gentry,* 540 U.S. 1, 8 (citing *Strickland,* 466 U.S. at 690 (strong presumption that counsel's decision was an act of professional judgment)).

[31] Supplemental Brief at 21.

[32] *Id.* at 20-21.

[33] Supplemental Response at 14.

acts, that would not relieve or excuse Hale from his charged criminal acts. Accordingly, any attempt to question the trustee on diluting the bankruptcy estate would have been irrelevant to the crimes charged. Clearly, trial counsel used sound professional judgment in avoiding an attack on the trustee through this line of irrelevant questioning.

### D. Failure to Object to Other Crimes Evidence

Hale's final argument on ineffective assistance of counsel is that trial counsel failed to object to prejudicial testimony by the trustee, Ms. Loveridge. Hale claims the trustee's testimony implied that Hale intentionally undervalued his Pocatello, Idaho properties in the bankruptcy case, and that Hale had filed hundreds of motions in the bankruptcy case and sued the trustee in Idaho state court. Hale has not cited, and the court cannot locate, any testimony implying that he undervalued the Idaho properties. There is, however, testimony by the trustee regarding the numerous motions Hale filed in the bankruptcy case and that he filed suit against the trustee in Idaho state court.[34] And Hale's trial counsel did object to this testimony,[35] which resulted in the court limiting the government's questions on that issue.[36] Trial counsel effectively objected to the relevance of the trustee's statement and the court limited the government's questioning based on trial counsel's objections.

### E. Conclusion on Ineffective Assistance of Counsel Claims

Hale has failed to show that his trial attorney was deficient under the standards set forth in *Strickland*. Hale's attorney actively and capably represented him at trial, eliciting testimony from his expert on the defense theory of the case and effectively limiting testimony through

---

[34] Trial Tr. vol. 2 at 370.

[35] *Id.*

[36] *Id.* at 371.

proper objections. Because trial counsel's performance was not deficient, Hale has not established that he suffered prejudice based on counsel's performance.

## 2. Incompetent to Stand Trial

It is presumed that the defendant is competent and it is Hale's burden to prove his incompetence by a preponderance of the evidence.[37] Hale claims that he was incompetent to stand trial because he was taking prescription medication that impaired his cognitive abilities. In support of this claim, Hale points to his affidavit stating he took increased pain medication after traveling to Salt Lake City "weeks before trial."[38] Hale also submitted printouts of his prescriptions for the past year.[39] Yet, these records do not indicate, and there is no other evidence to show, what dosage or medication Hale took during the four day trial. Hale also claims that his incompetence is shown by his odd behavior at trial when he would smile and wave when a witness identified him in court, and by his indirect response to a question by the court.[40]

Hale's allegation of being heavily medicated before or during trial was never brought to the attention of the court. In fact, the court observed Hale during trial and saw that he was alert, taking notes, observing the jury and witnesses, and interacting with his attorney each day. The court also engaged Hale in colloquies at different times during the trial. The court heard Hale respond appropriately on the record about exercising his right not to testify at trial, when Hale clearly stated that he concurred with his attorney's recommendation not to testify.[41] Later, the court asked Hale about his choice not to be present for arguments on his Rule 29 motion and

---

[37] *See Cooper v. Oklahoma*, 517 U.S. 348, 355 (1997); *Medina v. California*, 505 U.S. 437, 449 (1992).

[38] Affidavit of Thomas Hale, attached as exhibit A to Motion, docket no. 305-1.

[39] Defendant's Prescription Records, attached as Exhibit E to Supplemental Brief, docket no. 314-8.

[40] Supplemental Brief at 23.

[41] Trial Tr. vol. 3 at 542-43.

review of jury instructions the previous day.[42] Again, Hale's answer was directly responsive and more than minimal, as Hale added that he felt there had been "sufficient discussion at that point" and thanking the judge for asking him the question.[43] During the four day trial, the court never observed Hale exhibit any signs that he was incompetent, fatigued, impaired or medicated.[44] Whenever questioned by the court, Hale responded clearly and appropriately. Further, Hale's trial counsel was in the best position to know of and observe any competency issues, and counsel did not raise any concerns before, during or after trial about Hale's competence or ability to understand the proceedings.[45] Hale has not shown, by a preponderance of the evidence, that he was incompetent to stand trial.

## ORDER

IT IS HEREBY ORDERED that Hale's Motion for a new Trial is DENIED.[46]

Signed June 25, 2013.

BY THE COURT

District Judge David Nuffer

---

[42] Official Transcript of Jury Trial held on January 25, 2013 (Trial Tr. vol. 4) at 636, docket no. 330, filed June 3, 2013.

[43] *Id.*

[44] *See Bryson v. Ward*, 187 F.3d 1193, 1201 (10th Cir. 1999) (stating that a court may rely on its own observations of defendant's behavior in determining competency).

[45] *See Medina v. California*, 505 U.S. 437, 450 (1992) ("defense counsel will often have the best-informed view of the defendant's ability to participate in his defense").

[46] Docket no. 305.